UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bob Cajune, Cynthia Cajune, Kalynn Kay Aker, Lion 194, John Doe #1, Mary Roe #1-7, N.W., a minor, by Kalynn Kay Aker,<br><br>    Plaintiffs,<br><br>v.<br><br>Independent School District 194, and Michael Baumann in his official capacity as Superintendent of Independent School District 194,<br><br>    Defendants. | Case No. 21-cv-01812 (ADM/BRT)<br><br>**ANSWER** |

---

Defendants Independent School District 194 ("District") and Michael Baumann in his official capacity as Superintendent of Independent School District 194 (collectively "Defendants"), as and for their Answer to Plaintiffs' Complaint, state and allege as follows:

    1.    Defendants deny each and every allegation, matter, and thing contained in the Complaint, except as expressly admitted in this Answer.

    2.    Defendants admit the allegations in Paragraphs 15, 23, and 24.

    3.    Defendants deny the allegations in Paragraphs 4, 8, 27, 28, 29, 30, 31, 32, 35, 38, 42, 55, 56, 57, and 62.

4. Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the allegations in Paragraphs 53 and 54, and, therefore, deny the allegations in those Paragraphs.

5. With respect to any allegations of law that appear in the Complaint, including the allegations in Paragraphs 9, 16, 17, 18, 40, 41, 44, 45, 46, 48, 49, 51, 52, and 58, Defendants affirmatively state that a responsive pleading is not required and that the law does not necessarily state what the Plaintiffs assert. Therefore, Defendants deny the allegations in those Paragraphs.

6. With respect to Paragraph 1, Defendants admit the District "created" the "Inclusive Poster Series." To the extent that Plaintiffs quote language from posters included in the Inclusive Poster Series, those documents speak for themselves. Defendants specifically admit that the District designed and created the Inclusive Poster Series in alignment with School Board policy and for the purpose of expressing the District's unwavering commitment to its Black students, staff, and community members.

7. With respect to Paragraphs 2 and 3, Defendants admit that the quoted language was sent to Plaintiff Bob Cajune. Defendants further admit that the Inclusive Poster Series was "fully supported by our Board of Education." Defendants deny any characterization of the language in the correspondence, and affirmatively assert that the quoted language is only a portion of the correspondence between the District and Plaintiff Bob Cajune, and that the quoted document speaks for itself. Defendants affirmatively assert that Plaintiff Bob Cajune was told in this same email that the District does "not limit what students can wear unless it disrupts the educational process or environment.

Students who want to wear All Lives Matter or Blue Lives Matter shirts to school may do so." Defendants further affirmatively assert that Plaintiff Bob Cajune was specifically told that "students who want to put posters up in their lockers may do so." The District further affirmatively asserts that while students could wear clothing or display posters on their lockers depicting the phrases "All Lives Matter" or "Blue Live Matter," the District declined to adopt those phrases as government speech.

8. With respect to Paragraph 5, Defendants deny the allegation that the phrase "Black Lives Matter" is inextricably intertwined with a political movement in the minds of the public. Defendants admit only that Plaintiff N.W. attended a June 8, 2021 School Board meeting and spoke during the public comment period. To the extent Paragraph 5 quotes a published news article available on the internet, that article speaks for itself.

9. With respect to Paragraph 6, Defendants admit only that Plaintiff N.W. attended a June 8, 2021 School Board meeting and spoke during the public comment period.

10. With respect to Paragraph 7, Defendants admit only that the District's Equity Coordinator communicated with Plaintiff Cynthia Cajune regarding an event called "Different Places, Different Faces." Defendants deny Plaintiffs' characterizations of the correspondence and affirmatively assert that the document speaks for itself. Defendants affirmatively allege that the District did not collaborate or have any role in the "Different Places, Beautiful Faces" event referenced in this Paragraph. It was a community event planned and controlled by individuals not affiliated with the District. Defendants further affirmatively allege that the email quoted in this Paragraph from

"those controlling the event" is not from a District employee or agent. Defendants deny the remainder of the allegations in this Paragraph.

11.   With respect to Paragraph 10, Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the allegations related to Plaintiffs Bob Cajune and Cynthia Cajune's residency at all times relevant to this lawsuit, status as taxpayers, and to whom they pay their taxes. Defendants therefore deny the allegations in this Paragraph.

12.   With respect to Paragraph 11, Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the allegations related to Plaintiff LION 194's status as an unincorporated organization or who its members are. With respect to Plaintiffs' allegation that LION 194 has associational standing to sue Defendants, this is an allegation of law for which Defendants affirmatively state that a responsive pleading is not required and that the law does not necessarily state what the Plaintiffs assert. Thus, Defendants deny the allegations in this Paragraph.

13.   With respect to Paragraph 12, Defendants affirmatively assert that Plaintiff N.W. is not enrolled in a District school. Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the allegations related to Plaintiff Kalynn Kay Aker's residency, status as a taxpayer, and to whom she pays taxes or to where those taxes are allocated. Defendants therefore deny the allegations in this Paragraph.

14.   With respect to Paragraph 13, Defendants affirmatively assert that Plaintiffs John Doe #1 and Mary Roes #1-7 are not proper parties to this action, that their

anonymous pleading does not comply with the Federal Rules of Civil Procedure, and that they lack standing. Defendants therefore deny the allegations in this Paragraph.

15. With respect to Paragraph 14, Defendants affirmatively assert that the District is a public school district organized and operated within the State of Minnesota at all relevant times and with the powers delegated to it by the legislature pursuant to Minn. Stat. § 123B, *et seq*. Defendants deny the remaining characterizations of the District in this Paragraph.

16. With respect to Paragraphs 19 and 61, Defendants admit only that Defendant Michael Baumann sent a memorandum to District staff on September 22, 2020, in his capacity as the District's Superintendent. Defendants deny Plaintiffs' characterizations of that memorandum and affirmatively assert that the document speaks for itself. Defendants affirmatively assert that the September 22, 2020 memorandum was issued specifically in response to a question about whether staff could hang the official "Black Lives Matter" poster from the group Black Lives Matter Global Network.

17. With respect to Paragraph 20, Defendants admit that the District created and approved the Inclusive Poster Series. Defendants further admit that the quoted language in this Paragraph is correct. Defendants deny any characterization of the quoted documents and affirmatively assert that the documents speak for themselves. Defendants affirmatively assert that there was no policy contrary to the District's approval of the Inclusive Poster Series or its statement that the "poster is aligned to School Board policy and an unwavering commitment to our Black students, staff and community members."

18. With respect to Paragraph 21, deny. Defendants affirmatively assert that according to the publicly available memorandum issued by the United States Office for Special Counsel on July 14, 2020, the phrase "Black Lives Matter" is "issue-based, not a campaign slogan" and that the use of Black Lives Matter terminology, without more, is not a political activity, available at https://www.usgs.gov/media/files/office-special-counsel-advisory-black-lives-matter-and-hatch. Defendants further assert the phrase "Black lives matter" reinforces the truism that the lives of BIPOC students, employees, and community members matter to the same extent as all other students, employees, and community members.

19. With respect to Paragraph 22, Defendants admit that the language quoted in this Paragraph appears in the District's 2020-2023 Achievement and Integration Plan. Defendants deny Plaintiffs' characterization of the District's Achievement and Integration Plan and affirmatively assert the document speaks for itself. Defendants further affirmatively assert that the web link in this Paragraph is incorrect.

20. With respect to Paragraph 25, Defendants admit that the quoted language was in an email between Lydia Lindsoe and Plaintiff Bob Cajune. Defendants deny Plaintiffs' characterization of the email correspondence and that the quotes are the only "pertinent[]" portions of the email correspondence. Defendants affirmatively assert that the quoted email speaks for itself.

21. With respect to Paragraph 26, Defendants lack sufficient information or knowledge as to the unknown "public reports" quoted in this Paragraph, and thus cannot form a belief about the truth or falsity of the allegations therein. Defendants therefore

deny. Defendants affirmatively assert that consistent with the quoted language in this Paragraph, the Inclusive Poster Series was created by District staff and went through a review process that included focus groups, school building leaders, and the School Board before staff were allowed to display the posters in school buildings.

22. With respect to Paragraph 33, Defendants admit Plaintiff Cynthia Cajune emailed the District's equity coordinator and that the equity coordinator connected Plaintiff Cynthia Cajune with "those leading the planning for the event," who were not District employees. Defendant denies Plaintiffs' characterization of the email correspondence and affirmatively asserts the quoted email speaks for itself.

23. With respect to Paragraph 34, Defendants affirmatively assert that the quoted language from someone who was not a District employee and was not affiliated with the District speaks for itself. Defendants deny Plaintiffs' characterization of the email correspondence.

24. With respect to Paragraph 36, Defendants lack sufficient information or knowledge to form a belief about the truth or falsity of the quoted language in this Paragraph, and, therefore, deny the same.

25. With respect to Paragraph 37, Defendants admit that as part of the District's curriculum, staff members regularly show videos from the "BrainPOP" collection. Defendants deny Plaintiffs' characterizations of the BrainPOP video series, and deny the remaining allegations in this Paragraph.

26. With respect to Paragraphs 39 and 47, deny. With respect to any allegations of law that appear in these Paragraphs, Defendants affirmatively state that a responsive

pleading is not required and that the law does not necessarily state what the Plaintiffs assert. Defendants affirmatively assert that according to ISD 194 Policy 535(IV)(C)(1), "[a]ll school district property and facilities are nonpublic fora."

27. Defendants assert that Paragraphs 43, 50, 59, and the "Relief Requested" Paragraphs are not susceptible to responsive pleading. Therefore, Defendants deny the allegations in these Paragraphs.

28. With respect to Paragraph 60, deny. Defendants affirmatively assert that portion of the Board Policy quoted in this Paragraph does not address conduct of the "District" but rather addresses conduct of school district employees, while acting in the capacity of a school district employee. Defendants affirmatively assert that the quoted portion of ISD 194 Policy 535(IV)(A)(5) states in its entirety: "School district employees, while acting in the capacity of a school district employee, shall refrain from any conduct that is intended to be or that reasonably could be perceived as endorsing or opposing specific political issues or political candidates."

## AFFIRMATIVE DEFENSES

29. Defendants affirmatively allege that Plaintiffs have failed to plead factual allegations that are sufficient to raise a right to relief beyond a speculative level or that plausibly support their purported claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

30. Defendants affirmatively allege that Plaintiffs have failed to state a claim upon which relief can be granted.

31. Defendants affirmatively allege that all or some of the Plaintiffs may lack standing to assert all or some of the claims set forth in the Complaint.

32. Defendants affirmatively allege that the Complaint violates and fails to comply with Rule 10(a) of the Federal Rules of Civil Procedure.

33. Defendants affirmatively allege that some or all of Plaintiffs' claims are limited or barred by case law or statute.

34. Defendants affirmatively allege that some or all of the Plaintiffs' claims are barred by the doctrines of waiver or estoppel.

35. Defendants affirmatively allege that at all times relevant to the Complaint, Defendants acted in good faith and in compliance with all applicable laws.

36. Defendants affirmatively allege that the doctrine of "Government speech" bars some or all of the claims asserted in the Complaint. *See Pleasant Grove City, Utah v. Summum*, 555 U.S. 460 (2009).

37. Defendants affirmatively allege that the application of the Government speech doctrine is obvious from the face of the Complaint and its referenced documents. The Complaint itself provides that the District "approved" the posters for a specific message of inclusiveness and that the posters state they are "aligned to School Board policy."

38. Defendants affirmatively allege that pursuant to School Board policy and established case law, the District's buildings are non-public fora, and that the District did not create a public forum or limited public forum for the display of posters in its buildings. *See, e.g.*, Embry v. Lewis, 215 F.3d 884, 888 (8th Cir. 2000) (public schools

are not deemed public forums unless school authorities have opened those facilities "for indiscriminate use by the general public").

39. Defendants affirmatively allege that Plaintiffs' allegations against Defendants lack a good faith basis in law or fact, and that Plaintiffs' purported claims are contrary to well-established law and are frivolous.

40. Defendants affirmatively allege that Plaintiffs' pursuit of frivolous claims, including claims that are unquestionably barred by well-established law, entitles Defendants to recover its attorney fees, disbursements, and costs from Plaintiffs.

41. Defendants affirmatively allege that Plaintiffs have failed to plead factual allegations which, if accepted as true, are sufficient to assert a cause of action against Defendants.

42. Defendants affirmatively allege that Plaintiffs have failed to plead sufficient allegations to establish Defendants' liability for a claim asserted under 42 U.S.C. § 1983 under the standard set forth in *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 664 (1978).

43. Defendants affirmatively allege that Plaintiffs have failed to allege any facts regarding the existence of an unconstitutional policy or custom or any facts that would allow the Court to draw an inference that any alleged conduct resulted from an unconstitutional policy or custom.

44. Defendants affirmatively allege that Defendants did not take any action that implemented or was based on any unconstitutional policy or custom.

45. Defendants affirmatively allege that the alleged violation of a School Board policy does not give rise to independent cause of action in Federal court.

46. Defendants affirmatively allege that Defendants did not violate a clearly established statutory or constitutional right of which a reasonable person would have had knowledge and, therefore, Defendants may not be held liable for the alleged conduct. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

47. Defendants affirmatively allege that school district policies "do not create constitutional rights under the Substantive Due Process Clause of the Fourteenth Amendment." *Neal v. St. Louis County Board of police Commissioners*, 217 F.3d 955 (8th Cir. 2000). Defendants further affirmatively allege that courts will defer to a school district's interpretation of its own policies. *See Board of Educ. of Rogers, Ark. v. McCluskey,* 458 U.S. 966, 970 (1982)

48. Defendants affirmatively allege that Plaintiffs do not plead facts that could support a claim of a "hostile educational environment" under Title VI of the Civil Rights Act. *See* 42 U.S.C. § 2000d.

49. Defendants affirmatively allege that some or all of the claims set forth in the Complaint may be barred by immunity, whether created by common law, statute, or otherwise, and whether set forth as absolute, qualified, conditional, official, good faith, or other type of immunity or privilege.

50. Defendants affirmatively allege that some or all of Plaintiff's purported claims are subject to the tort liability limitations set forth in Minnesota Statutes Chapter 466.

51. As to all of the allegations made by Plaintiffs as to what any document, writing, or exhibit states, means, or requires, these answering Defendants state that such documents, writings, and exhibits speak for themselves, do not necessarily state what Plaintiffs say they do, do not necessarily relate to this matter, and/or do not necessarily support the proposition for which they are cited or referenced.

52. Defendants affirmatively allege this Court lacks subject matter jurisdiction to consider some or all of Plaintiffs' claims.

WHEREFORE, Defendants pray that Plaintiffs take nothing against them by their pretended cause of action, that the same be dismissed and Defendants recover judgment for their attorney fees, costs, and disbursements together with whatever other relief this Court deems just and equitable.

                                                  **RUPP, ANDERSON, SQUIRES & WALDSPURGER, P.A.**

Dated: <u>September 21, 2021</u>      By: <u>*/s/ Trevor S. Helmers*</u>
                                                  Trevor S. Helmers, Atty. No. 387785
                                                  Zachary J. Cronen, Atty No. 0397420
                                                  333 South Seventh Street, Suite 2800
                                                  Minneapolis, MN 55402
                                                  Phone: (612) 436-4300
                                                  trevor.helmers@raswlaw.com
                                                  zachary.cronen@raswlaw.com

                                                  *Attorneys for Defendants*

RASW: 195489