UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bob Cajune, Cynthia Cajune,
Kalynn Kay Aker, LION 194;
John Doe # 1, Mary Roe # 1–7,
and N.W., a minor, by Kalynn Kay Aker,

        Plaintiffs,

v.

Independent School District 194
and Michael Baumann in his official
capacity as Superintendent of Independent
School District 194,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 21-1812 ADM/BRT

_____

Gregory J. Joseph, Esq., and Douglas P. Seaton, Esq., Upper Midwest Law Center, Golden Valley, MN, on behalf of Plaintiffs.

Trevor S. Helmers, Esq., and Zachary J. Cronen, Esq., Rupp, Anderson, Squires & Waldspurger, P.A., Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

On December 21, 2021, the undersigned United States District Judge heard oral argument on Defendant Independent School District 194 (the "School District") and Michael Baumann's ("Baumann") Motion to Dismiss [Docket No. 19]. The Court also heard oral argument on Plaintiffs Bob Cajune, Cynthia Cajune, Kalynn Kay Aaker ("Aaker"),[1] LION 194, John Doe # 1, Mary Roe # 1–7, and N.W.'s Motion for Preliminary Injunction, Leave to Proceed Pseudonymously, and Conditional Leave to Amend the Complaint [Docket No. 27]. For the reasons stated below, Defendants' motion is granted, and Plaintiffs' motion is denied.

---

[1] Aaker's name is misspelled as "Aker" in the Complaint. First Aaker Decl. [Docket No. 30] ¶ 1. The Court will use the proper spelling in this Memorandum Opinion and Order.

## II.  BACKGROUND

### A. Parties

#### 1. Defendants

Defendant School District is an independent school district authorized by the State of Minnesota and operates public schools in Lakeville.  Compl. [Docket No. 1] ¶ 14.  Defendant Baumann is the superintendent of the School District and is being sued in his official capacity.  Id. ¶ 15.

#### 2. Plaintiffs

Plaintiffs Bob and Cynthia Cajune, Aaker, John Doe # 1, and Mary Roe # 1–7 reside within the School District and pay taxes that are allocated and forwarded to the School District.  Id. ¶¶ 10, 12–13.

Plaintiff N.W. is Aaker's nine-year-old child.  Id. ¶¶ 5, 12.  N.W. previously attended school within the School District but transferred to a different district after the filing of the Complaint.  Id. ¶ 12; Massaros Decl. [Docket No. 24] 4; First Aaker Decl. [Docket No. 30] ¶ 2.[2]

Plaintiff LION 194 ("LION") is an unincorporated association consisting of School District residents and taxpayers, including Plaintiffs Bob and Cynthia Cajune, Aaker, and the Anonymous Plaintiffs (John Doe # 1 and Mary Roe # 1–7).  Compl. ¶ 11; First Aaker Decl. ¶ 5.

### B. Poster Series

In April 2021, the Lakeville Area School District created an "Inclusive Poster Series"

---

[2] When, as here, a defendant's motion to dismiss includes a challenge to the facts underlying the Court's subject matter jurisdiction, the Court may consider affidavits outside the pleadings for the limited purpose of determining whether jurisdictional prerequisites have been satisfied.  Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

consisting of eight posters, two of which state "Black Lives Matter." Compl. ¶¶ 1, 20. Plaintiff Bob Cajune emailed the School District's Equity Coordinator and asked if posters stating "All Lives Matter" and "Blue Lives Matter" could be displayed. Id. ¶ 24.

The Equity Coordinator responded that students could display such posters in their lockers and wear shirts with these statements to school, but that the "All Lives Matter" and "Blue Lives Matter" mottos disregard the unique struggle faced by Black students in school and Black individuals in society, so posters with those mottos are not allowed in classrooms or other areas of the school, and teachers and school staff are not allowed to wear shirts with these mottos to school. Id. ¶¶ 3, 25; Massaros Decl. Ex. 3.

On June 8, 2021, N.W. spoke about the Poster Series at a public meeting held by the School District's school board and stated that "I judge [people] by the way they treat me . . . I do not care or look at the color of skin, but you make me think of it." Compl. ¶ 6 (emphasis added). N.W. also told the school board that "[y]ou have lied to me and I am very disappointed in all of you." Id. N.W. transferred out of the School District the day before classes began in the fall of 2021. First Aaker Decl. ¶ 2.

## C. Lawsuit and Present Motions

On August 6, 2021, Plaintiffs filed this lawsuit alleging that the School District's display of posters with the phrase "Black Lives Matter" constitutes viewpoint discrimination in violation of the First Amendment (Count I), creates a racially hostile educational environment (Count II), and violates school board policy (Count III). Compl. ¶¶ 43-62. Plaintiffs seek declaratory and injunctive relief relating to the display of the Poster Series, as well as attorney fees and costs. Id. ¶¶ A-G. Plaintiffs do not seek monetary damages or redress for past harm. Id.

On September 21, 2021, Defendants moved to dismiss the Complaint under Rule 12(c) of the Federal Rules of Civil Procedure. Defendants argue that all Plaintiffs lack standing and that the Complaint fails to state a plausible claim for relief. Specifically, as to the standing issue, Defendants contend that: (1) N.W. and Aaker lack standing because N.W. is no longer enrolled in the School District; (2) Plaintiffs' status as taxpayers is not sufficient to confer standing; and (3) LION cannot demonstrate that is has associational standing.

On November 23, 2021, Plaintiffs moved for a preliminary injunction, leave to proceed pseudonymously, and conditional leave to amend the Complaint. Plaintiffs also filed a declaration by Aaker stating that although N.W. no longer attends school in the School District, Aaker has four other children who are enrolled there. First Aaker Decl. ¶ 4. The relief requested in Plaintiffs' motion includes language that "[i]n the event the Court believes Defendants' motion for judgment on the pleadings should be granted based on the withdrawal of Plaintiff N.W. from [the School District]," Plaintiffs be given "leave to file an Amended Complaint which adds the other minor children of Kalynn Aaker as Plaintiffs and adds allegations as to the reasons for N.W.'s withdrawal from [the School District]." Pl.'s Mot. ¶ 5. At the time Plaintiffs' motion was filed, it was not accompanied by a proposed Amended Complaint or a redlined version of a proposed Amended Complaint.

On December 17, 2021, three days after the briefing schedule on these motions had ended, Plaintiffs filed a redlined version of the proposed Amended Complaint. See Order Briefing Schedule [Docket No. 22]; Second Joseph Aff. [Docket No. 40] Ex. 1. On December 20, 2021, Defendants filed a letter [Docket No. 41] objecting to the proposed Amended Complaint. Defendants argued that an unmarked version of the proposed Amended Complaint

had not been provided, and that the redlined version was submitted 24 days after the motion to amend was filed, thereby preventing the School District from responding to the proposed amended pleading. Defendants also argued that the proposed Amended Complaint includes revisions that were meant to respond to the School District's substantive arguments for dismissal, and as such are beyond the scope of the relief requested in Plaintiffs' motion. Later that day, Plaintiffs filed an unmarked version of the proposed Amended Complaint. See Third Joseph Aff. [Docket No. 42] Ex. 1.

### III.  DISCUSSION

**A.  Defendants' Motion to Dismiss**

**1.  Legal Standard**

Defendants move to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." When a Rule 12(c) motion raises the failure to state a claim as a defense, the motion is reviewed under the same standards that govern Rule 12(b)(6) motions to dismiss. St. Paul Ramsey Cty. Med. Ctr. v. Pennington Cty., S.D., 857 F.2d 1185, 1187 (8th Cir. 1988).

In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880.

Rule 12 requires the plaintiff's factual allegations to "raise a right to relief above the speculative level," and push claims "across the line from conceivable to plausible." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  In other words, the complaint must establish more than a "sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A pleading must relate "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When a defendant's motion to dismiss includes a factual attack on the court's subject matter jurisdiction, "the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards" with respect to the jurisdictional issue. Osborn, 918 F.2d at 729 n.6 (internal citation omitted).

### 2.  Standing

Defendants argue that the case must be dismissed because none of the Plaintiffs have standing.  Plaintiffs respond that they have standing as parents, students, or municipal taxpayers.

Article III standing is a prerequisite to subject matter jurisdiction.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992).  The party invoking federal jurisdiction has the burden of establishing standing.  Id. at 560.  To meet this burden, a plaintiff must show:  (1) an injury in fact; (2) a causal connection between the injury and the challenged conduct of the defendant; and (3) a likelihood that a favorable ruling will redress the alleged injury. Young Am. Corp. v. Affiliated Comput. Servs. (ACS), Inc., 424 F.3d 840, 843 (8th Cir. 2005) (citing Lujan, 504 U.S. at 560-61).

When a plaintiff seeks declaratory and injunctive relief, "past injuries alone are insufficient to establish standing.  Rather, the plaintiff must show [s]he is suffering an ongoing

injury or faces an immediate threat of injury." Frost v. Sioux City, Iowa, 920 F.3d 1158, 1162 (8th Cir. 2019).

### a. N.W. and Aaker

Defendants argue that N.W. and Aaker lack standing because N.W. is not currently enrolled in the School District. The Court agrees. At oral argument, Plaintiffs conceded that no student named in the Complaint attends school in the School District. The allegations in the Complaint do not support an argument that N.W. (who is now enrolled in another school district) or Aaker (as a parent of a minor who does not attend school in the School District) are suffering an ongoing injury or facing an immediate threat of injury from the School District's display of the Poster Series.

Plaintiffs request that if the Court finds that judgment on the pleadings should be granted based on N.W.'s withdrawal from the School District, leave be given to file an Amended Complaint that adds Aaker's four other children as plaintiffs and adds allegations about the reasons for N.W.'s withdrawal from the School District.

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its pleading once "as a matter of course" up to 21 days after a responsive pleading is filed. Defendants filed their Answer on September 21, 2021, nearly a month after N.W. withdrew from the School District. Answer [Docket No. 18]. The Answer asserted that N.W. was no longer enrolled in the School District. Id. ¶ 13. Despite this assertion, Plaintiffs did not seek to amend their Complaint until November 23, 2021, well after 21 days had elapsed from the filing of the Answer.

Defendants now seek leave to amend under Federal Rule of Civil Procedure 15(a)(2). Although this provision states that "[t]he court should freely give leave when justice so

requires," leave to amend is denied here for at least two reasons. First, Plaintiffs failed to comply with the Local Rules in this District governing motions to amend a pleading. Under Local Rule 15.1(b), a motion to amend a pleading "must be accompanied by . . . a copy of the proposed amended pleading" and "a version of the proposed amended pleading that shows . . . how the proposed amended pleading differs from the operative pleading." L.R. 15.1(b). Plaintiff's motion to amend was not accompanied by these documents at the time it was filed on November 23, 2021. Indeed, Plaintiffs did not submit a redlined version of the proposed Amended Complaint until December 17, 2021, three days after the briefing schedule on these motions had concluded. Given this timing, Defendants did not have any opportunity to respond to the proposed amended pleading. An unmarked version of the proposed Amended Complaint was not submitted until December 20, 2021. Under these circumstances, denial of leave to amend is appropriate. See Ellis v. City of Minneapolis, 518 F. App'x 502, 504-05 (8th Cir. 2013) ("[A] district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint.").

Second, Plaintiffs' proposed Amended Complaint includes revisions that appear to be made in response to Defendants' substantive arguments for dismissal. See Second Joseph Aff. Ex. 1 ¶¶ 1, 31, 40 (revisions unrelated to Aaker's four other children or N.W.'s reason for leaving the School District). The proposed revisions extend beyond the relief requested in Plaintiffs' motion to amend and are improper. Accordingly, Plaintiffs' request for leave to amend the Complaint is denied.

### b. Taxpaying Plaintiffs

The Complaint alleges that Plaintiffs Bob Cajune, Cynthia Cajune, Aaker, the

Anonymous Plaintiffs, and Members of LION (the "Taxpaying Plaintiffs") pay taxes that are "forwarded" or "allocated" to the School District. Compl. ¶¶ 10-13. Plaintiffs contend that these allegations are sufficient to establish municipal taxpayer standing. Defendants disagree, arguing that municipal taxpayer standing only applies when a plaintiff sues the municipality to which the plaintiff directly paid taxes. Defendants contend that because the Taxpaying Plaintiffs did not pay taxes directly to the School District, they lack standing to sue the School District.

The issue of whether a plaintiff has municipal taxpayer standing to bring a claim against a school district to which the plaintiff did not directly pay taxes was recently addressed in this federal district. See Huizenga v. Indep. Sch. Dist. No. 11, --- F. Supp. 3d ---, No. 20-CV-2445 NEB/ECW, 2021 WL 2515361 (D. Minn. June 18, 2021). The plaintiffs' allegations in Huizenga about their taxpayer status are essentially identical to the Taxpayer Plaintiffs' allegations in this case. Specifically, the Huizenga plaintiffs alleged that they pay taxes to the state and county in which they reside, and that a portion of those taxes are allocated to the school district in which they reside. Id. at *1. The Court in Huizenga held that these allegations were not sufficient to give the plaintiffs standing to sue the school district because the plaintiffs did not pay taxes directly to the school district. Id. at *3–*4.

In reaching this holding, the Court in Huizenga looked to the rationale underlying the municipal standing doctrine. Id. at *3. The Supreme Court long ago explained that municipal standing is premised on "the peculiar relation of the corporate taxpayer to the corporation, which is not without some resemblance to that subsisting between the stockholder and private corporation." Id. at *3 (quoting Frothingham v. Mellon, 262 U.S. 447, 487 (1923)). Applying this analogy to the plaintiffs' allegations, the Court in Huizenga concluded that the "plaintiffs

9

can only use their municipal taxpayer status to sue the municipal entities to which they paid taxes." Id. The Court noted that the plaintiffs "cited no instances of municipal taxpayer standing where the taxpayers did not pay taxes directly to the municipal defendant." Id. Because the Huizenga plaintiffs had "not sue[d] a municipality with which they had a 'peculiar relation of corporate taxpayer to corporation,'" they lacked municipal taxpayer standing to sue the school district in federal court. Id. at *4–*5 (quoting Frothingham, 262 U.S. at 487).

The Court finds this reasoning persuasive and applies it here. The Taxpaying Plaintiffs do not pay taxes directly to the School District, and as such they do not have a "peculiar relation of corporate taxpayer to corporation" with the School District. Frothingham, 262 U.S. at 487. To allow the Taxpaying Plaintiffs to sue the School District only because it received some funds from the municipality to which they paid taxes "would expand municipal taxpayer standing beyond the narrow limits set by Frothingham." Huizenga, 2021 WL 2515361, at *5. Accordingly, the Taxpaying Plaintiffs do not have standing to sue the School District under the municipal standing doctrine.

Resisting this conclusion, Plaintiffs argue that Huizenga was wrongly decided and that the Taxpayer Plaintiffs have standing under the Supreme Court's decision in Everson v. Board of Education of Ewing Township, 330 U.S. 1 (1947). In Everson, the Supreme Court entertained an Establishment Clause claim asserted by a plaintiff "in his capacity as a [school] district taxpayer" against a township board of education. Id. at 3. However, the Supreme Court did not mention, much less address, the issue of standing in Everson. Thus, Everson does not support Plaintiffs' argument for municipal standing. See Arizona Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 144 (2011) ("When a potential jurisdictional defect is neither noted nor discussed

in a federal decision, the decision does not stand for the proposition that no defect existed."); United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 38 (1952) ("[T]his Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio.").

### c. LION 194

Because the allegations in the Complaint are not sufficient to establish standing for any of the Taxpaying Plaintiffs, Plaintiff LION 194 has no basis to assert associational standing. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 181 (2000). As discussed above, the individual members of LION 194 do not have standing to sue in their own right. Accordingly, LION 194 cannot demonstrate that it has associational standing. See Carson v. Pierce, 719 F.2d 931, 934 (8th Cir. 1983) (holding that an organization lacked associational standing because the organization had "not shown that its members would have standing to sue in their own right").

**B. Plaintiffs' Motion for Preliminary Injunction, Leave to Proceed Pseudonymously, and Conditional Leave to Amend the Complaint**

Because the Court concludes that all Plaintiffs lack standing under Article III, the Court is without subject matter jurisdiction to consider Plaintiffs' motion for a preliminary injunction, and the request for leave to proceed pseudonymously is moot. For the reasons discussed above, leave to amend the Complaint is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 19] is **GRANTED**;

2. Plaintiffs' Motion for Preliminary Injunction, Leave to Proceed Pseudonymously, and Conditional Leave to Amend the Complaint [Docket No. 27] is **DENIED**; and

3. Plaintiffs' Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  January 19, 2022